IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| B. ARMENT<br>501 E. Morgan Street<br>Edina, Missouri 63537<br><br>          **Plaintiff,**<br><br>v.<br><br>DOLGENCORP, LLC, d/b/a<br>DOLLAR GENERAL STORE #1205<br>403 S. First Street<br>Edina, Missouri 63537<br><br>    Serve:  CSC-Lawyers Incorporating Service<br>             Company<br>             221 Bolivar<br>             Jefferson City, Missouri 65101<br><br>And<br><br>JEANYNNE STAMBAUGH<br>115 S. Jefferson Street<br>Lisbon, Iowa 52253<br><br>And<br><br>JUSTIN PELLETIER<br>2004 NW 59th Court<br>Kansas City, Missouri 64151<br><br>          **Defendants.** | Case No. |

## PETITION

**I. Preliminary Statement**

1.     COMES NOW, Plaintiff, B. Arment, by and through her attorneys of record, Kevin Baldwin and Eric Vernon of Baldwin & Vernon, and brings this cause of action against Defendants Dolgencorp, LLC, d/b/a Dollar General Store #1205, Jeanynne Stambaugh, and Justin Pelletier, hereinafter referred to as "Defendants". This action seeks declaratory, injunctive and equitable

relief, actual, compensatory and punitive damages, and costs and attorneys' fees in accordance with R.S.M.o §213 *et. seq.*, and under Missouri Common Law for Defendants' conduct and actions taken against Plaintiff.

**II. Jurisdiction**

2. Plaintiff is alleging claims of employment discrimination and retaliation under the Missouri Human Rights Act (MHRA), 213.010, *et seq.*, R.S.MO., as it existed prior to August 28, 2017, for discrimination based upon age and retaliation.

3. Jurisdiction is invoked pursuant to §213.010 *et seq.* R.S.MO. A Right-To-Sue letter was issued by the Missouri Commission on Human Rights (MCHR) on October 24, 2017. The Right-To-Sue Letter, including a copy of Plaintiff's original charges filed with the Equal Employment Opportunity Commission and the MCHR, is attached hereto as exhibit 1 and the facts and circumstances stated therein are hereby incorporated as if fully set forth herein.

4. The Plaintiff, based upon reasonable belief at this time absent discovery, indicates that the amount of compensatory and/or special damages in controversy is in excess of $25,000.00; in addition, Plaintiff seeks declaratory, injunctive and equitable relief, as well as punitive damages, pursuant to §213.010 *et seq.* R.S.MO. Costs and attorneys' fees may be awarded pursuant to §213.010 *et seq.* R.S.MO. and are requested by Plaintiff.

**III. Venue**

5. This action properly lies in the Circuit Court of Jackson County, Missouri, pursuant to §213.010 *et seq.* R.S.MO., because the claim arose in this judicial district, and because unlawful employment practices were committed in this judicial district.

**IV. Parties**

6. Plaintiff is a resident of the United States residing at 501 E. Morgan Street, Edina,

2

Missouri 63537.

7. Defendant Dolgencorp, LLC, d/b/a Dollar General Store #1205, hereinafter referred as "Defendant Company," is an employer engaged in an industry affecting commerce, and, upon information and belief, employs more than 25 regular employees. Defendant Company is a corporation, (containing within its charter the requisite authority to sue and be sued), and does business in this judicial district, doing business at various locations located within Missouri, at relevant times referred to herein, and specifically at 403 S. Frist Street, Edina, Missouri 63537. Defendant Company is an employer within the meaning of §213.010, *et seq.*, R.S.MO. Defendant Company is subject to the MHRA's prohibition on employment discrimination and retaliation for its employees.

8. Defendant Jeanynne Stambaugh, is a supervisor of at least 6 other employees and is therefore considered an employer within the meaning of 213.010, *et seq.*, R.S.MO. Based upon information and belief, Defendant is a resident of Missouri and engaged in actions that aided and abetted discrimination and retaliation in violation of the MHRA.

9. Defendant Justin Pelletier, is a supervisor of at least 6 other employees and is therefore considered an employer within the meaning of 213.010, *et seq.*, R.S.MO. Based upon information and belief, Defendant is a resident of Missouri and engaged in actions that aided and abetted discrimination and retaliation in violation of the MHRA.

10. Prior to filing this Petition for Damages, Plaintiff sought administrative relief through the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights to no avail and exhausted all required administrative procedures prior to filing this Petition for Damages.

## V. Facts Common to All Counts

11. Plaintiff, B. Arment, is a 64-year-old female, who worked for Defendant Company, at the Dollar General Store #1205, for almost 30 years.

12. For the thirty years that Plaintiff worked for Defendant Company, Plaintiff hardly had any negative incidents. In fact, Plaintiff never received any write-ups.

13. On February 14, 2017, Glenda Cox, from Quincy, Illinois, went into the store where Plaintiff worked and wanted to exchange picture frames.

14. That day, Plaintiff was working by herself until 11:00AM and was very busy.

15. Ms. Cox took in merchandise to exchange and Plaintiff used the HHT scanner to scan the items to have the right amount of what Ms. Cox was returning. Plaintiff then scanned the rest of Ms. Cox things and Ms. Cox paid.

16. Later, Jeanyanne Stambaugh, Plaintiff's District Manager, called Plaintiff and went in to the store the following Monday.

17. Ms. Stambaugh informed Plaintiff that Ms. Cox had called corporate and stated she had not received her receipt for the items she had purchased and that Plaintiff was using a calculator.

18. Plaintiff was surprised that had been brought up as a complaint and was being made an issue.

19. Plaintiff had used the HHT scanner for the transaction and not a calculator.

20. Furthermore, Plaintiff followed all procedures correctly to return the merchandise.

21. Ms. Stambaugh then stated Plaintiff's refund was 3% low, which she thought was good, but corporate took it to mean Plaintiff was taking things.

4

22. That Monday, when Ms. Stambaugh went in for written statements, she never said Plaintiff had violated the company policy. In fact, Ms. Stambaugh understood why Plaintiff did what she did.

23. Then, Plaintiff and Sheree Rumley, Plaintiff's 3rd Key, both wrote a statement. Plaintiff wrote what she did and Ms. Rumley stated she put the returned merchandise on the shelf.

24. For the previous last four years, Plaintiff had four different District Managers and not one of them explained the "correct procedure" for returned merchandise to be any different than what Plaintiff did.

25. Plaintiff had been doing the returned for merchandise the same way since her first District Manager started and no one ever told her it was wrong, Plaintiff had no way to know and no reason to believe that what she was doing was wrong.

26. On or about January, the policy was allegedly revised.

27. However, no one ever told Plaintiff to do the refund/return differently and no one ever trained Plaintiff on the new policy.

28. On February 24, 2017, Plaintiff was terminated for a violation of the refund/return policy, zero tolerance.

29. Plaintiff was told it was a form of stealing, even though the product never left the store.

30. To be exact, Justin Pelletier, was the one who decided to terminate Plaintiff and who alleged Plaintiff was stealing.

31. On February 24, 2017, Ms. Stambaugh called Plaintiff before Plaintiff went into work, to notify her she was going to be terminated, so that it wouldn't be such a shock. However, Ms. Stambaugh said she would deny notifying Plaintiff.

32. Plaintiff then went to work and finished her shift instead of walking out.

33. For the years that Plaintiff worked at Defendant Company, Plaintiff always worked until 11:00AM or 12:00PM all by herself.

34. Furthermore, during the years that Plaintiff worked for Defendant Company, the cameras behind the register were not working. Plaintiff notified management about the cameras around Thanksgiving, but they were never fixed.

35. Also, Plaintiff was going to receive a raise, which was supposed to happen a week after she was terminated.

36. Conveniently, Defendant Company terminated Plaintiff before she could receive her raised.

37. Also, Plaintiff later found out that Ms. Stambaugh was having a store manager meeting on March 28, yet she never had one before.

38. Since Plaintiff's termination, Plaintiff has been retaliated against for complaining and asserting her right to be free from discrimination, as Defendant Company has objected to Plaintiff receiving unemployment benefits.

39. On June 2, 2017, Plaintiff had an in-person hearing in Kansas City, Missouri. More specifically, Plaintiff appeared at the Missouri Division of Employment Security, at 1410 Genessee Street, Kansas City, Missouri 64102, Jackson County, to appeal the decision and the further retaliation of Defendant Company.

40. Plaintiff has experienced, is now experiencing, and will continue to experience into the indefinite future, garden variety emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendants' conduct.

41. Plaintiff has suffered and will continue to suffer future pecuniary losses as a direct result of Defendants' conduct.

42. Defendant and its managers and other employees actively engaged in discrimination against Plaintiff with malice or in reckless indifference to her right to be free from such discrimination under the MHRA.

**VI. Causes of Action**

### COUNT I

### AGE DISCRIMINATION BY ALL DEFENDANTS JOINTLY AND SEVERALLY

43. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

44. Plaintiff is an individual subject to the protection of the MHRA based upon the fact that she was over 40 years old at the time of the events alleged herein.

45. Defendants' actions, as noted above, constituted discrimination against the Plaintiff in violation of the MHRA.

46. Defendants' terminated Plaintiff's employment and Plaintiff's age was a *contributing factor* in the decision to terminate her employment.

47. At the time these actions were taken by Defendants', Defendants' knew these actions were unlawful and that they were done with an evil motive and/or reckless indifference to the rights of Plaintiff to be free from such discrimination.

48. Defendants' actions were unlawful employment practices in violation of the MHRA.

49. Plaintiff has been damaged by Defendants' unlawful employment actions.

### COUNT II

7

## RETALIATION
## BY ALL DEFENDANTS JOINTLY AND SEVERALLY

50. Plaintiff hereby incorporates and re-alleges all previously alleged Paragraphs as if fully set forth herein.

51. Plaintiff hereby alleges claims of retaliation against all named Defendants jointly and severally.

52. Defendants' actions, as noted above, constituted retaliation against Plaintiff in violation of the MHRA.

53. Plaintiff's actions of complaining of what she believed to be acts in violation of the Missouri Human Rights Act as set forth herein was *a contributing factor* in the Defendants' decision to retaliate against her by treating her differently, subjecting her to a hostile work environment, subjecting her to a heightened level of scrutiny, and/or terminating her from her employment with Defendant Company.

54. At the time these actions were taken, Defendants knew that their actions were unlawful and Defendants' actions were undertaken maliciously and/or in reckless disregard for Plaintiff's right to be free from discrimination.

55. Defendants' actions were outrageous because of their evil motive or reckless indifference to the rights of the Plaintiff when they engaged in acts of retaliation against the Plaintiff that culminated in his termination.

56. Plaintiff has been damaged by Defendant Company's unlawful employment actions in violation of the MHRA.

**VII. Prayer for Relief**

57. Wherefore, Plaintiff prays that this Court:

a. declare the conduct engaged in by Defendants' to be in violation of Plaintiff's rights;

b. enjoin Defendant Dolgencorp, LLC, d/b/a Dollar General Store #1205, and its managers/supervisors as well as the individual Defendants from engaging in such conduct;

c. restore Plaintiff to her rightful position with Dolgencorp, LLC, d/b/a Dollar General Store #1205 or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement;

d. award Plaintiff equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period or front salary and benefits accrual;

e. award Plaintiff compensatory, punitive and liquidated damages against all Defendants;

f. award Plaintiff damages for emotional pain and suffering;

g. award Plaintiff her costs and attorneys' fees; and

h. grant such other relief as it may deem just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues triable by a jury in this complaint.

Respectfully submitted,

By: /s/ *Kevin Baldwin*
Kevin Baldwin #49101
Eric Vernon, #47007
14 South Main Street
Liberty, MO 64068
Tel: (816) 842-1102

9

Fax (816) 842-1104
Kevin@bvalaw.net
Eric@bvalaw.net
ATTORNEY FOR PLAINTIFF