IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| B. ARMENT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:18-CV-00026 CDP |
| | ) | |
| v. | ) | |
| | ) | |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL STORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVE MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

COMES NOW PLAINTIFF, by and through her counsel of record, and in Opposition to Defendant's Motion to Dismiss or Alternative Motion to Stay Proceedings and Compel Arbitration, provides the following:

**I.   INTRODUCTION**

Defendant Dolgencorp, LLC, d/b/a Dollar General Store, hereinafter referred to as "Defendant Company," has moved for compulsory arbitration based upon an employee arbitration agreement presented to Plaintiff to sign in order for her to continue her employment with Defendant Company. Defendant now claims the agreement rises to the level of a valid arbitration agreement based upon Missouri's contract laws. This simply is not true given the lack of consideration which fails under Missouri case law despite arguments from Defendant Company and despite Defendant's attempts to beguile the court with illusory arguments grounded in various federal holdings attempting to support the proffered arbitration agreement. This Court's application of Missouri case law related to the creation and formation of a contract for arbitration

makes it plain that Plaintiff is not subject to any valid arbitration agreement and that the litigation of Plaintiff's claims under the MHRA should continue before this Honorable Court.

## II. ARGUMENTS IN OPPOSITION

Application of Missouri law on contract formation, as applied to those policies which the employer asserts rises to the level of a binding arbitration agreement under Missouri law which is being used to force employees into waiving their rights under Missouri law, demonstrates that Defendant Company's purported "arbitration agreement" is nothing more than a stated policy which attempts to bind an employee but which falls short of being a legitimate contract in Missouri as it fails in regards to consideration, meeting of the minds, mutuality and is unconscionable and therefor does not bind Plaintiff.

### A. Standard of Review

Absent an enforceable agreement to arbitrate a particular dispute, neither party can compel arbitration of that dispute. *See **Bank of Am., N.A. v. UMB Fin. Servs., Inc.***, 618 F.3d 906, 911 (8th Cir. 2010) (citation omitted); ***Morrow v. Hallmark Cards, Inc.***, 273 S.W.3d 15, 21 (Mo. Ct. App. 2008) (citations omitted). State law must be applied to determine if a binding agreement exists. ***Arthur Anderson LLP v. Carlisle***, 556 U.S. 624, 629–31 (2009); ***Bank of Am.***, 618 F. 3d at 911. The party seeking to enforce an arbitration agreement (here: EYM Group, Inc.) bears the burden. ***Whitworth v. McBride & Son Homes, Inc.***, 344 S.W.3d 730, 737 (Mo. App. W.D. 2011).

In reviewing a motion to compel arbitration, the court must determine whether a valid arbitration agreement existed, if so, whether the dispute falls with the arbitration agreement and whether the arbitration agreement is subject to revocation. ***Whitworth***, 344 S.W.3d at 736.; ***Frye v. Speedway Chevrolet Cadillac***, 321 S.W.3d 429, 434 (Mo. App. W.D. 2010); ***Kunzie v. Jack-in-the-Box***, 330 S.W.3d 476, 480 (Mo. App. E.D. 2010). In making a decision, the court must

2

apply Missouri rules of contract law.  *__Frye__*, 321 S.W.3d at 435; *__Kunzie__*, 330 S.W.3d at 481.  *A motion to compel arbitration must be denied, if no valid contract exists.*  Indeed, *a party cannot be forced to arbitrate a dispute he did not agree to arbitrate*.  *__Whitworth__*, 344 S.W.3d at 373; *__Frye__*, 321 S.W.3d at 436; *__Kunzie__*, 330 S.W.3d at 480-481 [emphasis added].

**B. Per Missouri Law, Defendants' motion should be overruled.**

In Missouri, the elements required to form a valid contract in Missouri are offer, acceptance, and bargained for consideration.  *__Baier v. Darden Restaurants, et al.__*, 420 S.W.3d 733, 737 (Mo. App. 2014).  Further, the Defendants, as the party asserting the existence of a valid and enforceable contract to arbitrate, bear the burden of proving such a proposition. *Id*.  Defendants have not met this burden.  Their motion relies on federal cases and the general rules contained therein and then unilaterally concludes that a valid contract to arbitrate exists.  It is well settled that for a contract to be enforceable under Missouri law, all of the essential elements of a valid contact (offer, acceptance and bargained for consideration) must exist. *See __Kunzie__*, 330 S.W.3d at 481-483.

A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time. *Id*.  Indeed, a "meeting of the minds" occurs when there is a definite offer and *unequivocal acceptance*.  *__Katz v. Anheuser-Busch, Inc.__*, 347 S.W.3d 533, 545 (Mo. App. E.D. 2011) (emphasis added).

If these factors cannot be met, there was NO valid arbitration agreement which may bind Plaintiff.

> **1. There was no meeting of the minds between Plaintiff and Defendant Company as to an arbitration agreement as Defendant Company has produced NO written agreement signed by BOTH parties and there is no meeting of the minds as to the Covered Claims since they are not properly defined.**

3

Missouri substantive law governs whether a valid arbitration contract exists. "It is a firmly established principle that parties can be compelled to arbitrate against their will only pursuant to a valid agreement whereby they have agreed to arbitrate claims." ***Morrow v. Hallmark Cards, Inc.***, 273 S.W.3d 15, 21 (Mo. App. W.D. 2008). ***Arbitration cannot be unilaterally imposed on a party when there is not a valid and enforceable agreement to arbitrate produced***. ***Dunn Indus. Group, Inc. v. City of Sugar Creek***, 112 S.W.3d 421, 427-28 (Mo. banc 2003) [emphasis added]. Defendant bears the burden to prove that <u>both parties</u> agreed to the *"Dollar General Employee Arbitration Agreement"* to prove there was a mutuality of agreement and a simultaneous meeting of the minds. "A 'mutual agreement' is reached when then minds of the contracting parties meet upon and assent to the **same thing in the same sense at the same time**." ***Katz***, 347 S.W.3d at 544-45 (internal quotations/brackets omitted) (bold added). "A meeting of the minds occurs where there is a definite offer an *unequivocal acceptance*." ***Id***. at 545 (italics in original). There is no acceptance unless the conduct alleged to constitute acceptance is "positive and unambiguous." ***Id***. Simply continuing an employment relationship is not sufficient to demonstrate one's intent to be bound by a purported arbitration agreement. ***Id***.; *See* also ***Kunzie***, 330 S.W.3d at 485-86 (continuing to work for employer after being presented an arbitration agreement does not by itself manifest intent to be bound by agreement). In order to be valid acceptance, the conduct **from one party to the other** must objectively indicate a party's intent to be bound by the agreement. *See* ***Kunzie***, 330 S.W.3d at 484 (citing 2 WILLISTON ON CONTRACTS § 6.10 (4th ed. 2007)). Here Defendant does not have a fully executed agreement by Plaintiff and Defendant. It is axiomatic that a proposal to enter into a bilateral agreement must be accepted by ***both*** parties for a contract to form. ***Stephenson v. Village of Claycomo***, 246 S.W. 3d 22, 27 (Mo. App. W.D. 2007).

4

The *"Dollar General Employee Arbitration Agreement"* is an alleged bilateral contract, because the purported consideration includes ostensible mutual promises to arbitrate claims. Bilateral contracts are formed when parties make *mutual* promises to each other. *See* **Baker**, 450 S.W.3d at 776. When the purported consideration for an alleged contract is mutual promises, there is an alleged bilateral contract and "unilateral contract principles … do not apply." **Kunzie**, 330 S.W.3d at 484-85. In the case of a bilateral agreement, the agreement "must be accepted by ***both*** parties for a contract to be formed." **Baier**, 420 S.W.3d at 738, 741 (emphasis in original). Therefore, for this to be a bilateral contract as argued and claimed by the Defendant, having only Plaintiff signing the agreement is insufficient to form a contract. It is well established that a contract is not accepted unless the acceptance is communicated to the other party. *See* **Hendricks v. Behee**, 786 S.W.2d 610, 611 (Mo. App. S.D. 1990) (citing multiple Missouri cases and secondary sources). Plaintiff is without notice of any acceptance or meeting of the minds absent a signature of the Defendant.

It is undisputed that Defendant Company did not sign the "*Dollar General Employee Arbitration Agreement*." "Whether a party has accepted the terms of a contract in the absence of a signature is a question of fact." *Id.* at 739; *See also* **Baier**, 420 S.W.3d at 738 (citation omitted). As such, Defendants cannot demonstrate that there was a bilateral contract. This is especially true given the fact that the "*Dollar General Employee Arbitration Agreement*" does not even contain the signature of a representative of Defendant Company.

In **Baier**, the party moving to compel arbitration had not signed the purported arbitration contract, and the only additional evidence they offered was their own testimony that said they intended to be bound by the agreement. The trial court rejected that testimony or alternatively

5

found it to be insufficient to establish a mutual assent to the agreement. *See **Baier***, 420 S.W.3d at 738 – 739.

**There is no evidence that Defendant Company signed the "***Dollar General Employee Arbitration Agreement.***"** Although it is not absolutely required that a party sign an agreement to prove acceptance, the party's conduct must objectively demonstrate a willingness to be bound by the agreement in order to prove the agreement is mutual. *See **Baier***, 420 S.W.3d at 738. Moreover, the conduct used to establish the party's intent must have been directed at the other party. *See **Kunzie***, 330 S.W.3d at 484 (referencing "signals sent"). Defendant's motion and evidence is also completely void of any indication that Defendant manifested to Plaintiff their alleged intent to be bound by the agreement at any time during the EEOC investigation, Plaintiff's claim for unemployment and/or during the appeal hearing on the unemployment claim.

Based on the foregoing, Defendant has failed to carry their burden of proof and has not proved that there was mutual intent to be bound by the "*Dollar General Employee Arbitration Agreement*." Even if Defendant has established it proposed the agreement to Plaintiff, it has failed to prove both Plaintiff and Defendant Company accepted it. As with all bilateral agreements, **there is not an enforceable contract unless both parties agree to the proposed agreement**. A mutual agreement is reached when the minds of the contracting parties meet upon and assent to the same thing in the same sense at the same time. ***Kunzie v. Jack-In-The Box, Inc.***, 330 S.W.3d 476, 483 (Mo. App. 2010). It is axiomatic that a proposal to enter into a bilateral agreement must be accepted by both parties for a contract to be formed. ***Baier***, at 738 (quoting ***Stephenson v. Village of Claycomo***, 246 S.W.3d 22, 27 (Mo. App. 2007)). Further, acceptance of the terms of a bilateral contract by a non-signing party cannot be demonstrated by later asking the court to enforce the contract. ***Baier***, at 740.

Here, no Defendant signed the agreement. This is very similar to *Kunzie* in that the Defendant cannot be held to be party to the agreement. Indeed, had the Plaintiff wanted to compel arbitration against Defendants, the Defendants would be at liberty to attempt to use this fact against the Plaintiffs in arguing that Plaintiff could not compel arbitration.

Furthermore, on page 2 of the "*Dollar General Employee Arbitration Agreement*", under the fourth bullet point for *Covered Claims*, the document states that the claims covered "includes, but is not limited to, . . ." and goes on to list a variety of claims which may be asserted. However, the very use of the phrase "includes, but is not limited to" is used to indicate that a list is not necessarily exhaustive. In other words, this type of wording is used when you don't want someone to get the impression that whatever you're saying applies only to the items on the list. That language and/or wording essentially means that those things are included, but other things you haven't mentioned could be included as well. This by its very nature is illusory.

In **_State ex rel. Reg'l Convention & Sports Complex Auth. v. Burton_**, ED104648 (Mo. App., 2016), the Court reviewed a writ of mandamus to stay arbitration, eventually making it permanent, and dealt with the problems created by a poorly defined arbitration clause noting that "[w]hile a broad arbitration provision purports to cover all disputes arising out of a contract, **a narrow arbitration provision limits arbitration to specific types of disputes**. *Id*, at 7 (citing **_Dunn Indus. Group, Inc. v. City of Sugar Creek_**, 112 S.W.3d 421, 428 (Mo. banc 2003); **_Manfredi v. Blue Cross and Blue Shield of Kansas City_**, 340 S.W.3d 126, 130-31 (Mo. App. W.D. 2011) (en banc)) [emphasis added].

In the case at hand, the "Covered Claims" set forth in the fourth bullet point on page 2, are not adequately defined for such a narrow arbitration provision as this which is supposed to cover those claims arising out of the employees' employment relationship. By having the phrase

7

"includes, but is not limited to, . . ." it allows Defendant company to pick and choose what, if any, additional claims it may or may not deem to be covered by the purported arbitration agreement. This lack of specificity drafted by the Defendant Company acts to defeat the very idea that there could be a meeting of the minds on the very narrow issue of arbitration for employment related claims when there is not definitive list as to what that means.

Accordingly, under Missouri contract law, there is no meeting of the minds and therefore no agreement to arbitrate under the "*Dollar General Employee Arbitration Agreement*."

### 2. There was no valid consideration to support an agreement under Missouri Law.

**There is no stated consideration in the "agreement" to arbitrate.** The "*Dollar General Employee Arbitration Agreement*" fails to make mention of the consideration given in exchange for the employee to give up a 7th Amendment Constitutional right to a trial by jury.

In Missouri, continued at-will employment does not constitute valid consideration. **_Morrow v. Hallmark Cards_**, 273 S.W.3d 15, 26 (Mo. App. 2008); *See also*, **_Jiminez v. Cintas Corp._**, 475 S.W.3d 679, 684 (Mo. App. 2015). Missouri courts have held that an arbitration agreement based on continuation of at-will employment is not supported by adequate consideration when the employment relationship is terminated. **_Whitworth_**, 344 S.W.3d at 741; **_Frye_**, 321 S.W.3d at 437; **_Morrow_**, 273 S.W.3d at 29.

In Defendant's motion, Defendant Company specifically states, "Dollar General provided [Plaintiff] with continued employment in exchange for her agreement to the Employee Arbitration Agreement, which notably was not conditioned upon [Plaintiff] agreeing to the agreement." *See* Defendant Dolgencorp, LLC's Memorandum in Support of Motion to Dismiss or Alternative Motion to Stay Proceedings and Compel Arbitration, at 9. Defendant statement is contradictory, as Defendant Company first indicates the agreement was in exchange for Plaintiff's continued

employment and then says Plaintiff's employment was not conditioned upon agreeing to the "*Dollar General Employee Arbitration Agreement.*" Defendant Company then tries to support their contradictory argument, stating Plaintiff's continued employment was not conditioned upon Plaintiff's agreeing to the arbitration agreement because the agreement said Plaintiff could "take [her] time and consult with an attorney if necessary." *Id* at 9, footnote 5. However, giving Plaintiff time to consult with an attorney does not mean Plaintiff's employment was not conditioned upon agreeing to the "*Dollar General Employee Arbitration Agreement.*"

Nevertheless, continued at-will employment does not constitute valid consideration as that terminates at the time the employment relationship is terminated. Accordingly, there was no valid consideration for there to be an enforceable arbitration agreement.

Additionally, consideration can be demonstrated through one party's agreement to transfer or give up something of value to the other party. *See **Morrow***, 273 S.W.3d at 25. Here, Defendant Company is not giving up anything as they are seeking to ensnare the employee into arbitration, thus when they state they are also "wav[ing] their rights," they really are not as they are not "giving up" their rights to file a lawsuit because their objective was always to be in arbitration. Accordingly, the only one actually giving up something of value and giving up her rights is Plaintiff and not Defendant Company. Thus, Defendant Company gave no actual consideration.

**3. If the Court were to be beguiled into believing an agreement did exist, then that agreement would be unconscionable and subject to revocation.**

If it is determined that a valid contract to arbitrate exists, then the court must determine whether the agreement is subject to revocation because it is either procedurally or substantively unconscionable. ***Whitworth***, 344 S.W.3d at 736; *Frye*, 321 S.W.3d at 445. "The purpose of the unconscionability doctrine is to guard against one-sided contracts, oppression and unfair surprise. ***Brewer v. Missouri Title Loans***, 364 S.W.3d 486, 493 (Mo. banc 2012). Indeed, a contract may

9

be unconscionable when the terms are non-negotiable, where it is difficult for the employee to understand or where the company is in a superior bargaining position. ***Brewer***, 364 S.W.3d at 493. Unconscionability has two aspects: procedural and substantive; procedural deals with the formalities of making the contract, and substantive deals with the terms of the contract itself. ***State ex rel. Vincent v. Schneider***, 194 S.W.3d 853, 858 (Mo. banc 2006).

In recent years it is obvious that Missouri Courts are faithful in their devotion to applying contract principals to arbitration agreements to determine whether the agreements are supported by adequate consideration and that the provision of the agreement are conscionable. In short, the appellate courts have held that: (1) a party cannot be forced to arbitrate a dispute it has not agreed to arbitrate; (2) a signature acknowledging an arbitration agreement is, at best, acceptance, but not consideration; (3) continuation of employment is not adequate consideration to bind an employee to arbitration once the employment relationship has ended; and, (4) an agreement to arbitrate may be revoked as unconscionable if it may be unilaterally modified by the employer or is procedurally or substantively unconscionable. *See*, ***Marzette, Whitworth, Katz, Frye, Kunzie and Morrow, supra***.

Likewise, in ***Whitworth,*** the employer's motion to compel arbitration was overruled for lack of consideration and non-mutuality of the agreement. ***Whitworth***, 344 S.W.3d at 738-740. Among other things, the ***Whitworth*** court held that a signature on an arbitration agreement ***does not replace the need for consideration sufficient to support an arbitration agreement***. *Id* at 741 (emphasis added). ***Whitworth*** also addressed the "mutual" promise to arbitrate. The arbitration plan allowed defendant to ***unilaterally*** modify the terms of the arbitration agreement without notice to the employees. ***Id*** at 742 (emphasis added). Thus, defendant's promise to abide by the

arbitration agreement procedures was illusory and did not constitute consideration to support an enforceable arbitration agreement. *Id*.

Indeed, the court in *Katz*, overruled a motion to compel arbitration where the employer moved to compel on an arbitration plan initiated in 1997 and revised in 2004, finding that the agreement lacked, and thus was not supported by, consideration. ***Katz***, 347 S.W.3d at 536. Additionally, **Katz** concluded that continued employment did not constitute adequate acceptance of the terms of the agreement or consideration. *Id* at 538. The Court explained the unequivocal acceptance of a contract, *i.e.* meeting of the minds, requires more than an employee's mere continuation of employment. *Id* at 545. Finally, **Katz,** reasoned that an employee's general knowledge of the existence of a dispute resolution program does not constitute acceptance of that program. *Id* at 545-546.

Furthermore, the court in *Frye* overruled a motion to compel arbitration of a plan which allowed the employer to unilaterally modify it. The employer asserted that the plan was enforceable because Frye signed the agreement, the plan contained mutual promises and because the plan could be modified with notice to the employees. *Frye* determined that neither an employee's signature, nor the mere continuation of at-will employment – without more – provided adequate consideration to support an employee's waiver of the right to access the courts. ***Frye***, 321 S.W.3d at 438-439. Next the employer asserted that the plan was enforceable because it contained mutual promises. The court, however, concluded that the plan referred ***only to the employee's obligations*** to submit claim through the dispute resolution process. Thus, the court concluded that the employer had not promised to submit any claims it might have against employees to the plan. *Id* at 442. Finally, the employer retained the ability to modify the plan, (at some point) and that any modification would apply prospectively. *Id* at 442-444. Accordingly,

11

*Frye* concluded that there was not mutuality of the promises. *Id* at 445-446. Here, we do not know if this is the case, as the "*Dollar General Employee Arbitration Agreement*" does not mention how the agreement is to be modified if needed. As such, Defendant has failed to provide sufficient evidence supporting its claim for agreement to arbitrate.

In *Kunzie*, the trial court denied the employee's request for an evidentiary hearing and compelled arbitration. Employee appealed. On appeal, the court reversed the trial court, holding that the employee was entitled to an evidentiary hearing. Additionally, the court held that the mere continuation of employment, without more, does not show the necessary assent to an employer's terms of arbitration. *Kunzie*, 330 S.W3d at 484-486.

### 4. The "*Dollar General Employee Arbitration Agreement*" violates Plaintiff's right to a trial by jury under the Missouri Constitution.

Finally, forcing Plaintiff to submit his claims to arbitration violates his right to jury trial as provided by the Missouri Constitution. Article I, §22(a) of the Missouri Constitution provides: "The right to a trial by jury as heretofore enjoyed shall remain inviolate." Indeed, the Missouri Supreme Court, in *State ex rel. Diehl v. O'Malley*, recognized that the use of the term "inviolate" in the Missouri Constitution represents a very emphatic statement regarding the right to jury trial. **State ex rel. Diehl v. O'Malley**, 95 S.W.3d 82, 82-84 (Mo. banc 2003). Because the right to trial by jury is a personal right, it may be waived through a valid contract. **Malan Realty Investors, Inc. v. Harris**, 953 S.W.2d 624, 625 (Mo. banc 2007). The requirements for the contractual waiver of a jury trial are rigid:

> Those jurisdictions that have considered the validity of a contractual waiver of jury trial have **required that the waiver be knowingly and voluntarily made**, a requirement **designed to protect against overreaching and inequitable bargaining position**.

*Malan*, 953 S.W.2d at 627 (emphasis added).

In the case at hand, the Plaintiff has always been in an unequal bargaining position and the very terms of the proffered agreement force the employee to take an affirmative act in order to opt out of the proffered arbitration agreement. It specifically states:

> • **Opt out:** You have the opportunity to opt out of this Agreement, meaning that you will not be bound by its terms. If you opt out, Dollar General will not be bound by the terms of this Agreement either. To opt out, you must expressly notify Dollar General of your intention to opt out by filling out and submitting electronically the "Arbitration Opt Out Form" linked on DGme within **30 days** of the day you access the Agreement on DGme. If you do not expressly opt out of this Agreement by providing notice to Dollar General as described above, you will be bound by the terms of this Agreement if you continue to work for Dollar General 30 days after accessing the Agreement on DGme. Dollar General will not retaliate against you if you choose to opt out of this Agreement.

By mere inaction, an employee not only loses a right guaranteed by the Missouri Constitution, but by the 7th Amendment to the United States Constitution as well. The terms indicate that you will automatically be in agreement with the terms and conditions of the agreement 30 days after accessing the agreement to review it and that you must then undertake some action and possible expense to opt out of that "agreement." The way in which this agreement is structured, the "agreement" is deemed agreed to after merely clicking on it to review, it does not adequately reflect whether or not the employee understood that by merely clicking on the agreement the employee understood they were bound by it.

### III. CONCLUSION

The Missouri cases cites above mandate that Defendants' motion be overruled. The "*Dollar General Employee Arbitration Agreement*" is not a contract because it is not supported by consideration, there was no meeting of the minds, and it is unconscionable. *See, Marzette, Whitworth, Katz, Frye, Kunzie and Morrow, supra*. This is further supported by the fact that the "*Dollar General Employee Arbitration Agreement*" was not signed by the Defendant. Thus, this "agreement to arbitrate" is not a contract and not enforceable in Missouri.

Respectfully submitted,
By: /s/ *Kevin Baldwin*
Kevin Baldwin, MO Bar No. 49101

                                                Eric E. Vernon, MO Bar No. 47007
                                                Sylvia Hernandez, 70670MO
                                                **BALDWIN & VERNON**
                                                14 South Main Street
                                                Liberty, MO 64068
                                                Tel: (816) 842-1102
                                                Fax: (816) 842-1104
                                                Kevin@bvalaw.net
                                                Eric@bvalaw.net
                                                **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the foregoing was sent this 18th day of July, 2018, via email and/or electronically using the CM/ECF system to:

Rene L. Duckworth
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Tel: (314) 802-3965
Fax: (314) 802-3936
Rene.duckworth@ogletreedeakins.com

Justin M. Dean
4520 Main Street, Suite 400
Kansas City, MO 64111
Tel: (816) 471-1301
Fax: (816) 471-1303
Justin.dean@ogletree.com

                                                By: /s/ *Kevin Baldwin* .
                                                    Kevin Baldwin, Attorney for Plaintiff