UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| B. ARMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18 CV 26 CDP |
| | ) | |
| DOLGENCORP, LLC, d/b/a DOLLAR GENERAL STORE, et al, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before me is defendant Dolgencorp's ("Dollar General") motion to dismiss this case or in the alternative to stay proceedings and compel arbitration. Plaintiff Beverly Arment brings this suit alleging discrimination and retaliation claims against Dollar General, her former employer. Dollar General seeks to enforce the Dollar General Employee Arbitration Agreement ("Arbitration Agreement") that Arment and Dollar General entered into when she was their employee. Arment opposes the motion, arguing that the Arbitration Agreement is not a valid contract under Missouri law. I conclude that the validity of the Agreement has been delegated to an arbitrator, so I will dismiss this case.

## Background

In October 1988, Dollar General hired Arment as an Assistant Store Manager at a Dollar General store in Edina, Missouri. In March 2003, Arment was

promoted to Store Manager of the same store, and she remained employed there until her termination. Dollar General contends the termination was because of allegations of theft and failure to follow proper policies for the return of merchandise. [ECF #24-2]. Arment claims her termination was because of age discrimination and retaliation, both in violation of the Missouri Human Rights Act. *Id.*

On August 7, 2014, Arment agreed to the Arbitration Agreement via the company's online web portal. In order to agree, Arment had to access the portal using her unique login identification number and password. Arment could either agree to the Arbitration Agreement or take up to thirty days to consider the Agreement, but if she failed to expressly opt out by the terms of the Agreement, then she would be bound by the Agreement. Arment agreed to the terms of the Arbitration Agreement and affixed her electronic signature. [ECF #24 at 2].

In February 2017, Arment was terminated from her position. On December 21, 2017, Arment filed this case in the Circuit Court of Jackson County, Missouri. On January 1, 2018, Dollar General filed a notice of removal pursuant to 28 U.S.C. § 1332, 1441, and 1446. On February 1, 2018, Dollar General moved to change venue from the Western District of Missouri to the Eastern District of Missouri. The Honorable Judge Stephen R. Bough granted Dollar General's motion to transfer venue. [ECF # 12]. In the original complaint, two additional defendants

were named; however, I dismissed Arment's claims without prejudice against these defendants for failure to timely effect service under Federal Rule of Civil Procedure 4(m).[1] [ECF # 20]. On June 14, 2018, Dollar General moved to dismiss or stay proceedings and compel arbitration.

## Discussion

The Federal Arbitration Act (FAA) established a strong policy favoring arbitration and "any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The FAA limits a district court's initial role in a challenge to an arbitration agreement to deciding whether the "making of the agreement for arbitration or the failure to comply therewith is at issue." *Medcam, Inc. v. MCMC*, 414 F.3d 972, 974 (8th Cir. 2005)(quoting 9 U.S.C. § 4). Since "arbitration is a matter of contract," state-law contract principles govern the validity of an arbitration agreement; and an arbitration agreement maybe "invalidated by generally applicable contract defenses." *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015). "If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." *Id.*

---

[1] The dismissed defendants were Jeanynne Stambaugh and Justin Pelletier.

Arment disputes the validity of the Agreement. She argues that Dollar General never accepted the Agreement because Dollar General never affixed a signature to it. Next, she argues the Agreement lacks bargained for consideration because at-will employment does not constitute valid consideration and Dollar General has not given up anything of "value." Arment argues that even if a valid contract existed, the Agreement is subject to revocation because the Agreement as written would be unconscionable. Arment also argues the Agreement violates her right to a trial by jury.

The Arbitration Agreement is governed by the Federal Arbitration Act (FAA) 9 U.S.C. § 1-4. The Agreement explicitly incorporates the American Arbitration Association: Employment Rules and Mediation Procedures. [#ECF 24-1 at 2]. The Arbitration Agreement states: "All arbitrations covered by this Agreement will conducted in accordance with the terms set forth in this Agreement and the Employment Arbitration Rules of AAA(the "Rules")." [ECF 24-1 at 2]. Dollar General argues that the arbitrator should decide the threshold question of the validity of the Arbitration Agreement because of the express incorporation of the AAA Rules. Rule 6.a states: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." [ECF #27 at 2].

When the AAA Rules are incorporated into the Agreement, "the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." *Green v. SuperShuttle International, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011); *see also Fallo v. High Tech-Institute*, 559 F.3d 874, 878 (8th Cir. 2009). Moreover, the Missouri Supreme Court recently held that the incorporation of the delegation provision of the AAA Rules allows for threshold questions of arbitrability to be decided by an arbitrator. *State ex rel. Pinkerton v. Fahnestock*, 531 S.W.3d 36, 43 (Mo. 2017).

Here, the Arbitration Agreement expressly incorporates the AAA Rules, thereby allowing questions of validity to be decided by the arbitrator. Arment does not challenge the delegation provision of the Agreement, but instead challenges the underlying formation of the contract by arguing the formation of the contract lacked acceptance and consideration. These are issues of validity. Unless Arment challenges the delegation provision the Arbitration Agreement is treated as valid and enforceable, leaving challenges to the validity regarding contract formation to the arbitrator. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also Doty v. Dolgencorp, Inc.*, No. 4:15-CV-1931 RWS, 2015 WL 1732768, at \*4 (E.D. Mo. May 5, 2016)(holding the lack of challenges to the delegation provision make the arbitration agreement valid and enforceable, therefore leaving threshold issues of contract formation to the arbitrator); *Driver v. BPV Mkt. Place Inv'rs,*

*L.L.C.*, No. 4:17-CV-1607 CAS, 2018 WL 3363795 (E.D. Mo. July 10, 2018) (same).

Because the threshold issues regarding contract formation have been delegated to the arbitrator, I will not rule on them. As staying the case would serve no purpose, I will dismiss it. *Randazzo v. Anchen Pharmaceuticals, Inc.*, No. 4:12-CV-999 CAS, 2012 WL 5051023, at *8 (E.D. Mo. Oct. 18, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dollar General's Motion to Dismiss [23] is GRANTED, and this case is dismissed without prejudice.

A separate Order of Dismissal is issued this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2018.